# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

GREGORY TAYLOR                                                                                       PLAINTIFF

V.                                                                                          NO. 3:11CV004-M-A

UNITED STATES OF AMERICA, et al.                                                                  DEFENDANTS

## MEMORANDUM OPINION

The plaintiff, a federal inmate proceeding *pro se*, filed this matter on January 4, 2011. The defendants have filed a motion to dismiss. The plaintiff has responded and this matter is ripe for review.

*A. Factual and Procedural Background*

In December, 2001, the plaintiff was arrested by an Alcohol, Tobacco, Firearms, and Explosives ("ATF") agent for being a felon in possession of a firearm. Several items were seized from the plaintiff incident to his arrest. He was brought before this court and the criminal complaint was dismissed for lack of probable cause. *See United States v. Taylor*, No. 01-2057-SAA (Dec. 10, 2011).

On November 28, 2007, the plaintiff filed a motion under Fed. Crim. P. 41 for the return of his property. In response to the motion, the government admitted that it had destroyed a leather address book and the firearms but denied possessing any other items. Following the government's response on August 27, 2008, the matter was dismissed since Rule 41 does not permit the court to award compensation. On June 22, 2010, the plaintiff submitted a Federal Tort Claims Act ("FTCA") administrative claim to the ATF. The claim was denied on August 31, 2010.

The plaintiff filed this matter on January 4, 2011. The defendants contend the matter should be dismissed for lack of subject matter jurisdiction either under the FTCA or a *Bivens* action.

*B. Standard for Review*

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the

plaintiff. *See, Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991). In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965; *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 n.10 (5th Cir. 2007) (noting the 12(b)(6) standard has been modified by *Bell*). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

### C. Discussion

#### 1. FTCA: Due Process

The defendants argue that the Government has not waived immunity for constitutional torts such as a due process claim for depravation of property. Through the FTCA the Government has waived its immunity and has consented to be sued in a court of law for damages caused by the "negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In other words, the FTCA was designed to remove the sovereign immunity of the United States from suits in tort, to render the Government liable in tort as a private individual would be under like circumstances. *Richards v. United States*, 369 U.S. 1, 82 S. Ct. 585, 7 L. Ed. 2d 492 (1962).

The defendants' assertion is correct. The FTCA is not the proper method for seeking redress for constitutional torts. *See FDIC v. Meyer*, 510 U.S. 471, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (and FTCA claim must be based on state tort law and cannot be based on a federal constitutional or statutory claim against the Government). Therefore, to state a claim under the FTCA, a plaintiff has

the burden of identifying a tort based on state law. 28 U.S.C. § 2680 (a); *St. Tammany Parish v. F.E.M.A.*, 556 F.3d 307,315 n. 3 (5th Cir. 2009). Here, should the plaintiff's complaint be construed to include a due process claim, he has failed to show that the FTCA's waiver of immunity is applicable. As a result, the court lacks jurisdiction over a due process claim pursued under the FTCA.

    2.  FTCA: Conversion

Although not specifically pled, the plaintiff's complaint could be construed to include a claim for conversion under state law. Under state law, the tort of conversion is an intentional exercise of dominion and control over the personal property, that so seriously interferes with the right of the another to control the property that the tortfeasor may justly be required to pay for the full value of the property. *See Reeves v. Meridian Southern Ry.*, LLC, 61 So. 3d 964, 967 (Miss. App. 2011).

The defendants do not deny that some of the plaintiff's property was destroyed, perhaps wrongfully. They argue, however, that a state law claim for conversion cannot overcome the exceptions to immunity provided under the FTCA.

As noted, the FTCA waives immunity for some torts but the Act is littered with exceptions. *See* 28 U.S.C. § 2680. One such exception, the defendants suggest, shields the Government from liability for property seized pursuant to an official detention. Section 2680(c) of the FTCA provides that immunity is not waived for any claim for "detention of goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." The Fifth Circuit has specifically held that the detention of goods exception to the waiver of immunity applies to "any claim based on the detention of goods by any federal law enforcement officers in the performance of their lawful duties." *Halverson v. United States*, 972 F.2d 654, 656 (5th Cir. 1992); *see, also Chapa v. U.S. Dept. of Justice*, 339 F.3d 388, 391 (5th Cir. 2003) (Bureau of Prisons employees are "law enforcement officers" immune from suit within the meaning of the detention of goods exception, thus the court lacked subject matter jurisdiction).

Since there is no dispute that the plaintiff's property was seized during an arrest pursuant to the agent's lawful duties, a claim for conversion would not escape the immunizing exception to the FTCA. Accordingly, the court lacks jurisdiction to over any such claim.

3. *Bivens*[1]

The defendants concede that there was no notice given to the plaintiff prior to the destruction of his property (the guns and address book). While they deny any liability, they suggest the plaintiff's claim may be interpreted as negligent or intentional destruction of property. In either case, the defendants argue the plaintiff's claim will fail.

A *Bivens* claim can provide a remedy for a victim of unconstitutional conduct by a federal actor. *Bivens* is the counterpart to 28 U.S.C. § 1983 and extends the protections afforded under §1983 to parties injured by federal actors. *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999).

The negligent deprivation of property by a government official does not violate the right to due process. *Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986). Even a government official's intentional acts, do not violate the due process clause so long as an adequate post-deprivation remedy exists. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L. Ed. 2d 393 (1984). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. *Id.* at 534-35.

A federal prisoner asserting a claim for deprivation of property ordinarily has a post-deprivation remedy under the FTCA. *See* 28 U.S.C. § 1346(b)(1). Despite the court's previous finding that an FTCA claim is foreclosed under these facts, the remedy is not rendered inadequate. Furthermore, as defendants have submitted, the plaintiff had other post-deprivation remedies available to him including; a claim under 31 U.S.C. § 3723 which allows small claims to be presented to the agency for a loss caused by the negligence acts of a federal employee; and, a claim under 31 U.S.C. § 3724 which allows the Attorney General to settle claims for losses caused by law

---

[1] *Biven v. Six Unknown Names Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L. Ed. 2d 619 (1971).

4

enforcement personnel. The plaintiff has not shown these remedies to be inadequate. Because he had adequate post-deprivation remedies, the plaintiff's *Bivens* claim must fail.

In addition, the plaintiff has named only the Government and the agency as defendants in this matter. A claim for intentional deprivation of property under *Bivens* is actionable against an individual federal agent, not the agency. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 686 (2009); *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 650 (2d Cir. 1998). Since the plaintiff has not named any individual defendant responsible for the loss, his claim also fails.

### D. Conclusion

The plaintiff's claim for deprivation of property fails as a matter of law under the FTCA. To the extent his claim can be construed as a *Bivens* action, it too is unavailing. He has failed to show that the post-deprivation remedies were inadequate and, alternatively, he has failed to name any individual who may be responsible for the alleged loss.

**SO ORDERED**, this the 19th day of October, 2011

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**